Good morning, Mr. Herzog. I see you reserved one minute for rebuttal, and you can begin whenever you're ready. Fine. Thank you, Judge. And may it please the Court, my name is Lawrence Herzog. I represent Joseph Huntley. I did not represent Mr. Huntley at any of the prior proceedings. The point of our appeal here, Judge, is that of the five violations, specifications of violations of supervised release. The judge below, Judge—anyway, the judge—  Sullivan, thank you. We know him well. The judge— We've heard of him. Let me just ask you, on the oral pronouncement point, I know you submitted your papers before on bone decision in Mariana, but in Mariana, we said as long as there's a written incorporation of the conditions, whether it be standard, special, that that's sufficient. And here, obviously, these conditions have been the financial conditions, the search conditions that have been imposed on your client twice before in writing, in judgments of conviction. So under Mariana, clearly, there's no oral pronouncement problem, right? That's probably true, Your Honor. And there's no objection below to the financial conditions provision, correct? That's also true, yes.  Anyway, the point we're trying to make is not so much that there was no oral presentation during the court proceeding, but that neither of those specifications or the punishments for those specifications were appropriate, and therefore violated. So the client admitted during the sentencing that he had an off-the-books job in order to avoid paying alimony that he was required to pay under the law. Fair? Yes. All right. So why—and Judge Sullivan added a condition that he maintained lawful employment so that he wasn't working off the books, correct? Yes, Judge. And there was no objection to that? You're not saying that that was improper to add that condition? No, he can—maintaining lawful employment is illegitimate. All right. So how—isn't it reasonably related if you're going to—if you're worried that someone's avoiding child care payments, they're working off the books to say, we have to look at your financial records. We want to be able to see where your money is coming from, whether it's coming from a job on the books or cash on the side. And the only way you're going to be able to verify that is if you get access to the financial records that someone has, right? Well, the point is that you're not—I don't think you're entitled to look at a person's entire financial history or background. It's true that if the judge had wanted to say, you have to get a legitimate job and I want to see evidence of that legitimate job through the probation office, I probably wouldn't have anything bad to say about that. But this was a total, you know, inclusion of every possible financial situation that this gentleman could have been in. Well, all those things can shed light on for—looking at someone's bank account, you can see what—is a check being deposited by a lawful employer or is it cash? Right. If someone is running up a lot of credit card charges and it doesn't look like it meets the job that they're claiming is the on-the-books job, that would suggest they have an off-the-books job. So all these different types of financial documents would help determine whether or not someone is working off the books. Don't you agree that bank records, credit card records would all help determine that? I think, Your Honor, that if one of the conditions was that he pay child support, which I'm not sure would have been a legitimate condition, but if it had, then you could look to credit card bills or bank statements. But credit card bills doesn't support whether or not a person has a lawful job. In fact, a lot of people, unfortunately, charge things on credit cards when they don't have a job. So I don't think that's the case. Let me just very briefly touch, though, on the search condition. The search condition, even the guidelines that are offered to sentencing courts, say that the freedom from search is one of the most fundamental rights that a citizen has. And Judge Sullivan said in sentencing, look, I don't think you're into drugs anymore. I don't think you're into firearms anymore. I don't think you're into gang activity anymore. And that's a good thing. There are still some problems, he said. And I don't deny that. But why someone should be subject to search of everything at any time? Well, first of all, it has to be with reasonable suspicion, right? Pardon me? It has to be with reasonable suspicion on a special condition. Yes. So it has to be reason to believe that he had a contraband or something like that. But Judge Sullivan's reasons were, first, the underlying conviction was a weapons offense, right? And he would agree that when someone has been convicted of a weapons offense, that would be a reason to have a search condition. That's routinely imposed where someone has the underlying conviction of either weapons or contraband of some type, right? I don't know that it's routinely so. And in this particular case, there was no evidence that the gun was even his. There was some evidence that he shot the gun. The underlying offense involved a weapon, right? Yes. Racketeering, right? Yes. And then Judge Sullivan said that he's also falsified documents, and he's lied to the court, and he's lied to probation, and given the dishonesty that, and again, mentioned working on the books, that he, this would go, I guess, to the electronic portion of the search condition, that he wanted to potentially, with reasonable suspicion, have a probation officer be able to search electronic communications for the same reason, to see what he is doing with respect to an appointment or other things. But the condition doesn't say, you know, it's like when you do a wiretap and you tell the agency you have to shut it off when they're talking about personal things. There's nothing in here that says that the probation officer can't just be up on the evidence. No, the probation officer has reasonable suspicion. Yes, but that, if I have reasonable suspicion that you're doing X and I'm on the phone listening to your discussions with your girlfriend, let's say, that's not appropriate, and it's a violation of a person's rights, and it doesn't forward the government's interest in keeping this person on the street now. All right. Thank you. All right. Let's hear from the government. Timothy Capozzi. Good morning. May it please the Court. I am Timothy Capozzi. I represent the government in this case, and I represented the government below. Just on that last point, the search condition, the search condition also includes not only a reasonable manner, but a reasonable suspicion, but also a reasonable manner. And so there's no – so the condition that was imposed is narrowly circumscribed and reasonable given the conditions, particularly given the history and characteristics of this defendant, as Judge Bianco just recited. In terms of the financial condition, as Judge Bianco noted, this defendant had this history of working off the books to avoid his child support obligations. He also had this history of lying, falsifying records, which further supported the condition that Judge Sullivan imposed in terms of requiring disclosure at the probation office's request of information, which would allow them to ascertain whether or not he was complying with his conditions and whether or not he continued to rehabilitate. Your Honors, unless there are further questions, we'll rest on our supposition. I know you focused largely on the employment and the child support, but you did make an argument that I was scratching my head a little bit, if you could explain it to me, that because this was involved in drugs, that the financial conditions were appropriate because it was a drug offense. But you can correct me if I'm wrong. It is not generally a special condition. The financial special condition is not utilized simply because someone is involved in drugs. There's no indication, actually, what he ate from drugs. That would be a pretty weak basis for a district court to impose a financial condition. Would you agree with that? Your Honor, there are certainly cases that this Court has affirmed where a special condition related to financial conditions. Well, does it also relate to other problems? Certainly here, if that was the only justification for the financial condition, we would be in a weak position. It was a drug offense involving money laundering and large sums of money, but that's not the situation. That's not the situation here. And in Argadas, quite recently, this Court determined that it was not self-evident from the record that financial conditions were appropriate where there was no restitution or forfeiture, which is the case here. The difference here, of course, is that we have the child support. We have the history of fabrication in line. And so if we were only presenting, to your honors, with the history of drug dealing, racketeering, narcotics, we would be in a much weaker position to support the financial conditions. But that's simply not where we are, as Judge Sullivan recognized when he was articulating why he was imposing the search condition, which the same reasons, although he didn't articulate it for the financial conditions, the same reasons support it. All right. Thank you. Thank you. All right. Mr. Gerzog, you have one minute in rebuttal. It's just in that one minute, Judge. Your Honor is quite right that any drug involvement really doesn't support the financial condition. And frankly, even the child support provision doesn't support that. Child support was addressed twice by revisions of the child support order, downward legitimate ones. And while he still owed money, even despite that, it's not the case that he was, you know, squirreling away money so that he didn't have to pay. He just didn't pay. Like, unfortunately, many fathers don't pay. And I don't know how looking at all his... But he did admit he had an off-the-books job specifically to avoid paying the child support, right? Well, he did have the off-the-books jobs, but he didn't... There was no evidence that he had the means to pay and didn't pay. All right. Thank you. All right. Thank you both. We'll restore our decision. Have a good day.